KITTREDGE (SPARKS v.). See Case No. 13,210.

KITTRIDGE (WALLAMET FALLS C. & L. CO. v.). See Cases Nos. 17,104 and 17,105.

KITTY, The (CAREY v.). See Cases Nos. 2,-401 and 2,402.

---

### Case No. 7,860.

#### KITTY v. McPHERSON.

[4 Cranch, C. C. 172.] [1]

Circuit Court, District of Columbia. May Term, 1831.

##### SLAVERY—MANUMISSION.

A slave manumitted by will, after a term of service, is not free until the term of service has

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

expired; but the court will continue the injunction originally granted to prevent the removal of the petitioner from the jurisdiction of the court, unless the defendant will give bond to the United States with good security, that he will not suffer or permit her to be so removed.

The petitioner claimed her freedom under the will of Mary Brooke, who directed that she should be free in the year 1840.

Mr. Key, for petitioner, contended that she is now free, as her hire for the intermediate time is bequeathed to a particular legatee; and that the intention of the testatrix is to govern the case.

Mr. Wallach, contra. If she is now free, who can compel her to serve till her time of freedom shall arrive? But the petitioner never was the property of Mary Brooke. He then prayed the court to instruct the jury, that, if they should believe from the evidence that the petitioner was not the property of Mary Brooke at the time of her death, they must find a verdict for the defendant [Samuel McPherson]; and that, if they found that the petitioner was the property of Mary Brooke at the time of her death, still the petitioner is not entitled to freedom until the —— day of ——, 1840, the time limited by the will.

THE COURT gave the first part of the instruction, and recommended, as to the other part, that they should find specially, if such should be their opinion, that the petitioner was the property of Mary Brooke at the time of her death, and will be entitled to her freedom on the —— day of ——, 1840.

And the jury found according to that recommendation.

Whereupon, THE COURT ordered the original injunction to be continued, restraining the defendant from removing the petitioner from the jurisdiction of this court, unless the defendant would give bond and good security in the penalty of $600, not to remove the petitioner, &c., which bond and security were given; but judgment at law was ordered to be entered up for the defendant upon the verdict.